IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Calvin Jerome Byrd, # 257319, ) | |
| ) | |
| ) | Civil Action No. 6:15-3471-PMD-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| SCDC Director Bryan Stirling; ) | |
| Warden Neana Staley, Manning C.I.; ) | |
| Supervisor Mr. Maples, Food Service ) | |
| @ M.C.I.; ) | |
| Dietician Rochelle Davis; ) | |
| R.D. Marcia Fuller, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

        The plaintiff is an inmate at the Manning Correctional Institution. The above-captioned case arises out of a letter signed by six prisoners and received by the Clerk's Office, which docketed the letter as a complaint. *See* complaint (doc. 1) in *Calvin Byrd, et al. v. Bryan Stirling, et al.*, Civil Action No. 6:15-3152-PMD-KFM. In an order issued in Civil Action No. 6:15-3152-PMD-KFM on August 13, 2015, the undersigned directed each potential plaintiff to file his own case (doc. 5 in Civil Action No. 6:15-3152-PMD-KFM). The plaintiff has filed his own case (the above-captioned case) and alleges that he is not being provided food suitable for a person with diabetes (doc. 1 at 3). The plaintiff also complains about rotten lettuce and the absence of fresh fruits and vegetables (*id*.).

        The plaintiff omitted many of the answers required on page 2 of the complaint in the above-captioned case. On page 2 of the complaint, the plaintiff, in his answer to Question II(C)(1), indicated that there was a grievance procedure at the Manning Correctional Institution, but did not answer Questions (C)(2), D, E, F, and G (doc. 1 at 2).

Accordingly, in the order (doc. 8) filed in this case on September 8, 2015, the undersigned directed the plaintiff to answer Special Interrogatories relating to exhaustion of prison administrative remedies. In the plaintiff's Answers to Court's Special Interrogatories, the plaintiff indicates that there is no grievance procedure at the Manning Correctional Institution (doc. 17 at 1), he filed a Kiosk request (No. 15-775648), and received an answer (No. 032799) via the Kiosk (*id*. at 2).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions under Section 1983 or any other federal law. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive

force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216; *Anderson*, 407 F.3d at 681. "[U]nexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204. It also has the "potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record*." Id.*

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006). As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith." *Id.* at 89–90. This is especially true in a prison context. *Id*. at 90 n. 1. Nevertheless, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91.

This court may take judicial notice of the South Carolina Department of Corrections grievance procedure, specifically, SCDC Policy GA-01.12. *See Malik v. Ward*, 8:08-cv-1886-RBH, 2010 WL 936777, at *2 n.4 (D.S.C. Mar. 16, 2010). The SCDC Grievance Procedure was modified on May 12, 2014, with respect to time limits and deadlines. *See* SCDC Policy/Procedure, Inmate Grievance System, GA–01.12, § 13 (May 12, 2014) (available at http://www.doc.sc.gov/pubweb/policy/policy.jsp); *see also McFadden v. Reynolds*, C.A. No. 3:13-439-JMC-JRM, 2013 WL 1838656, at *3 n. 2 (D.S.C. Apr. 11, 2013) (citing SCDC, Inmate Grievance System, GA–01.12, § 13.4 (Oct. 1, 2010)), *adopted by* 2013 WL 1838644 (D.S.C. May 1, 2013).

3

        To exhaust his administrative remedies, the plaintiff must file a formal step 1 grievance concerning the food served to him. The Kiosk request (doc. 17 at 2) does not satisfy the administrative exhaustion requirement. *See Poe v. Bryant*, No. 9:12-cv-3142-RMG, 2013 WL 6158023, at *6 n. 5 (D.S.C. Nov. 21, 2013) (citing *Davis v. Minthorn*, No. 05-326, 2006 WL 2222700 (E.D. Tenn. Aug. 2, 2006) (submission of inmate request form not sufficient to exhaust grievance remedy)). There is no allegation in the complaint that the plaintiff's ability to file a grievance has been impeded by prison officials, so the SCDC grievance procedure is an "available" remedy. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

        Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

October 6, 2015                                     s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).