IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Calvin Jerome Byrd, # 257319, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 6:15-cv-3471-PMD-KFM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SCDC Director Bryan Stirling; | ) | |
| Warden Neana Staley, Manning C.I.; | ) | |
| Supervisor Mr. Maples, Food Service @ | ) | |
| M.C.I.; Dietician Rochelle Davis; and | ) | |
| R.D. Marcia Fuller, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court upon Plaintiff's objection to United States Magistrate Judge Kevin F. McDonald's report and recommendation ("R & R") that the Court dismiss the complaint without prejudice and without service of process. (ECF Nos. 27 & 25.) For the reasons provided below, the Court overrules Plaintiff's objection and dismisses the complaint without prejudice and without service of process.

**BACKGROUND**

Plaintiff is an inmate serving a prison sentence at Manning Correctional Institution, a South Carolina state prison. Plaintiff, a diabetic, alleges that the prison serves him meals incompatible with his disease and that much of the food is expired, rotten, or "full of preservatives." (Compl., ECF No. 1, at 3.)

Proceeding *pro* se, Plaintiff and five other inmates sent a letter to the Clerk of Court's office protesting the food service at the prison. The Clerk's office treated the letter as a complaint, and the matter was referred to Magistrate Judge McDonald. *See* 28 U.S.C. § 636(b); Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). Magistrate Judge McDonald ordered the six inmates to

file separate actions if they wished to proceed with their claims. Plaintiff then instituted this action by filing his own complaint on August 28, 2015.

Plaintiff wrote his complaint on a Court-created form for state prisoners to use when suing over prison conditions. The form contains several questions for a prisoner to answer regarding his efforts to resolve his claims administratively before filing suit. Plaintiff answered "Yes" to the first question: "Is there a prisoner grievance procedure at this institution?" (Compl., ECF No. 1, at 2.) However, he did not answer any of the remaining questions, which sought information on, *inter alia*, whether he filed a grievance over the issue raised in the complaint and, if so, whether he received a final decision on that grievance.

Addressing Plaintiff's omissions, Magistrate Judge McDonald issued Plaintiff special interrogatories about his efforts to resolve his food-related problems through his prison's grievance system. In the first of those interrogatories, the Court specifically asked whether Manning Correctional Institution has an inmate grievance program. This time, however, Plaintiff answered that question "No." (Pl.'s Answers Ct.'s Special Interrogs., ECF No. 17, at 1.) Instead, Plaintiff stated, he complained informally using the prison's computer kiosk system.

On October 6, 2015, Magistrate Judge McDonald issued his R & R, in which he recommended that Plaintiff's complaint be dismissed for failure to exhaust his administrative remedies in the prison's grievance system. Specifically, Judge McDonald found that Plaintiff's informal complaint was insufficient and that "[t]o exhaust his administrative remedies, the plaintiff must file a formal step 1 grievance concerning the food served to him." (R & R, ECF No. 25, at 4.)

In response, Plaintiff did just that. On October 9, 2015, he filed a Step 1 grievance form, which was denied on October 19. Then, on October 26, Plaintiff filed an objection to the R & R.

Plaintiff objected to the conclusion that he has failed to exhaust his administrative remedies. In support of his objection, he enclosed a copy of his Step 1 form.

This matter is now ripe for adjudication.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does

3

not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust "such administrative remedies as are available" before filing an action in federal court regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *see Anderson v. XYZ Corr. Health Servs. Inc.*, 407 F.3d 674, 676 (4th Cir. 2005) (confirming that the PLRA requires plaintiffs filing prison-condition lawsuits to exhaust their state administrative remedies before filing suit).

Although exhaustion is mandatory, *Anderson*, 407 F.3d at 677, an inmate does not have to allege facts in his complaint demonstrating exhaustion, *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, failure to exhaust is an affirmative defense, and, accordingly, the defendants bear the burden of raising and proving it. *Anderson*, 407 F.3d at 681. Nonetheless, "a district court may raise the issue of exhaustion of remedies on its own motion," and it may dismiss the complaint sua sponte for failure to exhaust (a) "where failure to exhaust is apparent from the face of the complaint" or (b) if the failure is not apparent from the complaint's face, after giving the inmate an opportunity to address the exhaustion issue. *Anderson*, 407 F.3d at 682; *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[E]ven if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue."); *Lawson v. Berg*, No. 9:07-907-JFA-GCK, 2008 WL 4200328, at *2 (D.S.C. Sept. 2, 2008) ("[I]f the lack of exhaustion is apparent from the face of

4

the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate.").[1]

In this case, the complaint did not clearly demonstrate that Plaintiff has failed to exhaust his administrative remedies. Rather, by not answering the complaint form's questions on that issue, Plaintiff avoided having to effectively admit his failure in his complaint. Plaintiff's omissions, however, prompted Magistrate Judge McDonald to issue the special interrogatories inquiring about what efforts, if any, Plaintiff undertook to have his food problems resolved within the prison's grievance program. By issuing the interrogatories, Magistrate Judge McDonald raised the exhaustion issue and gave Plaintiff an opportunity to address it.

Plaintiff had another opportunity to address it after Magistrate Judge McDonald filed his R & R, in that he could object to the exhaustion conclusion therein. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Plaintiff did not take that opportunity in a timely manner. The R & R was served on October 6, 2015, the date it was mailed to Plaintiff. *See* Fed. R. Civ. P. 5(b)(2)(C). With the three additional days afforded when service is made by mail, *see* Fed. R. Civ. P. 6(d), Plaintiff's objection was due October 23. He did not mail his objection until three days later. Normally, Plaintiff's tardiness would mean that the Court need not conduct a *de novo*

---

1.  Under *Anderson* and *Moore*, sua sponte dismissal for failure to exhaust may be appropriate where either the failure is clear from the complaint or the court gives the prisoner an opportunity to address the issue. However, language in several recent unpublished Fourth Circuit opinions suggests that both of those circumstances must exist. *See Corey v. Daniels*, No. 15-6707, 2015 WL 5812918, at *1 (4th Cir. Oct. 6, 2015) (per curiam) ("A district court . . . may dismiss the complaint without input from the defendant, 'if the failure to exhaust is apparent from the face of the complaint,' *and* the inmate is provided an opportunity to respond on the exhaustion issue." (quoting *Anderson*, 407 F.3d at 682) (emphasis added); *Johnson v. Fields*, No. 14-7814, 2015 WL 3958496, at *1 (4th Cir. June 30, 2015) (per curiam) (same); *Kilpatrick v. Hollifield*, 592 F. App'x 199, 200 (4th Cir. 2015) (per curiam) (same); *Leavitt v. NC Dep't of Pub. Safety*, 585 F. App'x 171, 172 (4th Cir. 2014) (per curiam) (same). To the extent those unpublished opinions may conflict with *Anderson* or *Moore*, this Court must follow the framework from *Anderson* and *Moore*. *See Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014) (stating that unpublished Fourth Circuit opinion was "neither controlling nor persuasive" because it conflicted with an earlier, published Fourth Circuit opinion).

review or address the objection but could instead only review the R & R for clear error. *Diamond*, 416 F.3d at 315. Moreover, the Court generally has no obligation to consider evidence that was not presented to the magistrate. *See, e.g.*, *Doe v. Chao*, 306 F.3d 170, 183 n.9 (noting that the phrase "may also receive further evidence" in 28 U.S.C. § 636(b)(1) gives district courts discretion to consider or disregard evidence first proffered after the magistrate has already issued his recommendation); *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) ("While the court may receive further evidence, attempts to introduce new evidence after the magistrate judge has acted are disfavored." (citations omitted)). However, out of an abundance of caution, and to ensure that Plaintiff has received a full opportunity to address exhaustion, the Court will address Plaintiff's objection and consider the evidence he attached to it. *See Anderson*, 407 F.3d at 682 n.5 (stating district courts "must exercise caution" when addressing the exhaustion requirement sua sponte); *see also Morris v. Haynes*, No. 5:05CV193, 2008 WL 4283321, at *2 (N.D. W. Va. Sept. 17, 2008) ("[A] court may consider untimely objections where such objections are not egregiously late and where they have caused no prejudice to the adverse party."); *Hoffman v. Tuten*, 446 F. Supp. 2d 455, 456 (D.S.C. 2006) (considering objections filed four days late, "given the more lenient standards applicable to *pro se* litigants").

Plaintiff clearly failed to exhaust his administrative remedies before he filed suit. As the Step 1 grievance form Plaintiff submitted to the Court indicates, Manning Correctional Institution's grievance program has three stages. First, the inmate must attempt an informal resolution by submitting a complaint through the prison's kiosk system. If that process fails to satisfy the inmate, he may then file a Step 1 grievance form. If the inmate is still unsatisfied after the Step 1 review, he can appeal by filing a Step 2 grievance. *See Moultrie v. Byars*, No.

9:14-cv-1690-DCN, 2015 WL 4755688, at *12 (D.S.C. Aug. 10, 2015) (taking judicial notice that the South Carolina Department of Corrections' grievance procedure "requires, *inter alia*, the filing of a Step 1 grievance by the inmate and, if that grievance is denied, the inmate must then appeal the denial by filing a Step 2 grievance"). Once a Step 2 grievance is denied, the inmate has exhausted his administrative remedies. *See id.* Plaintiff, however, completed only the first, informal grievance stage before he filed his complaint. There is no evidence that he also went through Step 1 and Step 2 grievance reviews. To the contrary, Plaintiff filed his Step 1 grievance only after Magistrate Judge McDonald pointed out his failure to do so, and Plaintiff has not submitted any evidence that he ever filed a Step 2 grievance, let alone that he obtained a final decision on one. Because Plaintiff failed to go through all three levels of internal review before he filed suit, he cannot meet the PLRA's pre-suit exhaustion requirement. *Cf. Folk v. Stirling*, No. 9:14-cv-3758-DCN, 2015 WL 4457148, at *5 (D.S.C. July 20, 2015) (holding grievances that inmate submitted to prison after he filed suit could not satisfy exhaustion requirement, as inmates "'may not exhaust administrative remedies during the pendency of the federal suit.'" (quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999))).

As mentioned above, the R & R stated that "[t]o exhaust his administrative remedies, the plaintiff must file a formal step 1 grievance concerning the food served to him." (R & R, ECF No. 25, at 4.) It appears Plaintiff may have taken that to mean he could cure his failure to exhaust by filing a Step 1 grievance. Plaintiff referenced the R & R in his Step 1 grievance form, and in his objection to the R & R, Plaintiff wrote that he was enclosing the grievance form "to show that [his] remedies are exhausted." (Obj., ECF No. 27, at 1.) To be fair, that one sentence from the R & R, taken in isolation, could be interpreted as saying not only that Plaintiff could exhaust his remedies after filing his lawsuit, but also that he could do so simply by filing a Step 1

7

grievance form. The Court clarifies, however, that such an interpretation would be legally incorrect. As discussed above, exhaustion must occur before the complaint is filed, and in South Carolina state prisons, exhaustion generally occurs when the Step 2 grievance is complete. Due to the apparent potential for that sentence of the R & R to be read in a manner that contradicts those requirements, the Court will not adopt it.[2]

In sum, the Court finds no merit to Plaintiff's objection and, accordingly, overrules it. After reviewing the record in accordance with *Anderson*, the Court concludes that Magistrate Judge McDonald made a proper recommendation for the disposition of this case. With the one exception mentioned above, the Court adopts the R & R and incorporates it by reference into this order.

## CONCLUSION

Therefore, for the reasons given above and for the reasons articulated by Magistrate Judge McDonald, it is **ORDERED** that Plaintiff's objection is **OVERRULED** and that the complaint is **DISMISSED** without prejudice and without service of process.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 5, 2015**
**Charleston, South Carolina**

---

2. The Court does not mean to suggest that Magistrate Judge McDonald misunderstood the law. On the contrary, in his R & R, he cited the Department of Corrections' written grievance procedure and stated explicitly that prisoners must exhaust their administrative remedies "prior to filing civil actions concerning prison conditions." (R & R, ECF No. 25, at 2.) Moreover, in his special interrogatories, Magistrate Judge McDonald specifically asked Plaintiff whether he filed both a Step 1 grievance and a Step 2 grievance. In light of that, the Court views the sentence from the R & R as Magistrate Judge McDonald pointing out that before Plaintiff filed suit, he had failed to take even the intermediate step of filing a Step 1 grievance form.